UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LEONARD HAIRSTON,

Petitioner,

v.

JERRY HOWELL, *et al.*,

Respondents.

Case No. 2:18-cv-00498-MMD-PAL

ORDER

**I.    SUMMARY**

Before the Court are petitioner's amended petition (ECF No. 28), supplement to the amended petition (ECF No. 29), amended supplement to the amended petition (ECF No. 31), motion for change of address (ECF No. 32), second motion for change of address (ECF No. 34), supplemental memorandum (ECF No. 36), and a notice of a defective criminal complaint (ECF No. 37). Respondents have filed two responses (ECF Nos. 33, ECF No. 38). The Court has reviewed the amended petition and Petitioner's other documents under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court dismisses this action because Petitioner's claims clearly lack merit.[1]

///

///

///

---

[1] Other defects exist, too. First, Petitioner did not sign and verify his amended petition (ECF No. 28). Second, Petitioner presents his claims piecemeal, across seven documents, which could only lead to confusion. However, correction of these problems would be futile because petitioner's claims have no merit.

1  **II. BACKGROUND**

In the Eighth Judicial District Court of the State of Nevada, Case No. C-14-295239-1, Petitioner pleaded guilty to, and was convicted of, one count of attempted theft. Before Petitioner pleaded guilty, he filed an interlocutory appeal in the Nevada Supreme Court, Case No. 66372. The Nevada Supreme Court ruled:

> This is a proper person appeal from an order granting a motion to quash bench warrant and setting bail. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.
>
> No statute or court rule permits an appeal from an order granting the abovementioned motion. Accordingly, we lack jurisdiction, and we
>
> ORDER this appeal DISMISSED.

(ECF No. 28 at 26.) This order is the basis of almost all of Petitioner's claims.[2] On October 29, 2014, the state district court filed the Nevada Supreme Court's judgment. The docket entry states, "Nevada Supreme Court Clerk's Certificate Judgment - Dismissed." (*Id.* at 28.)

**III. DISCUSSION**

All of Petitioner's claims, other than the claims of conditions of confinement that he cannot raise in habeas corpus, are based upon a fundamental misunderstanding of the Nevada Supreme Court's order in Case No. 66372. Petitioner believes that the Nevada Supreme Court ordered the state district court to dismiss the criminal action, Case No. C-14-295239-1, for lack of jurisdiction. From that belief, Petitioner claims that all subsequent proceedings—conviction for attempted theft, parole revocation proceedings, time spent in jail and prison, etc.—were violations of the Double Jeopardy Clause of the Fifth Amendment and done in the absence of jurisdiction.

///

///

---

[2]Those claims that are not related to the Nevada Supreme Court's order are claims of physical injury and poor conditions in jail or prison. (*See, e.g.*, ECF No. 29, at 5; ECF No. 36, at 5.) "Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement. A civil rights action, in contrast, is the proper method of challenging 'conditions of . . . confinement.'" *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484, 498–99 (1973)).

Petitioner's belief is incorrect. He appealed a non-appealable order. Consequently, the Nevada Supreme Court held that it lacked jurisdiction to consider the appeal. The Nevada Supreme Court *did not hold* that the state district court lacked jurisdiction over the criminal case. The Nevada Supreme Court dismissed the appeal. The Nevada Supreme Court *did not order* the state district court to dismiss the criminal case. Once the Nevada Supreme Court dismissed the appeal, then the state district court could, and did, proceed with the criminal action. In later appellate proceedings, the Nevada Court of Appeals twice explained Petitioner's error to him. (ECF No. 28 at 44–45, 49.) Petitioner's premise is so fundamentally wrong that all his claims are clearly without merit.

Reasonable jurists would not disagree with this Court's finding that Petitioner has not made a substantial showing of a denial of a constitutional right. The Court will not issue a certificate of appealability.

Respondents' responses (ECF No. 33, ECF No. 38) note that Petitioner's motions for change of address (ECF Nos. 32, ECF No. 34) note that not only does Petitioner inform the Court of his new address but also raise claims for relief. The Court agrees, but the Court is dismissing the action for lack of merit.

In any event, Petitioner's motions for change of address are moot. The Clerk of the Court already has updated Petitioner's address.

Finally, Petitioner's notice of a defective criminal complaint (ECF No. 37) is not relevant to Petitioner. The criminal complaint that he has attached to the notice is for a defendant named Elvis Manuel Ruvalcaba.

**IV. CONCLUSION**

It is therefore ordered that Petitioner's motion for change of address (ECF No. 32) is denied as moot.

It is further ordered that Petitioner's second motion for change of address (ECF No. 34) is denied as moot.

It is further ordered that the amended petition for a writ of habeas corpus (ECF No. 28) is denied.

3

It is further ordered that a certificate of appealability will not issue. The Clerk of the Court is to enter judgment in accordance with this order and close this action.

DATED THIS 29th day of April 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE